# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAMES DALE MOSELEY,

        Plaintiff,

v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

        Defendants.

CASE NO. 3:17-cv-05427-BHS-JRC

ORDER EXTENDING STAY

The District Court has referred this 28 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR 4.

Plaintiff initially filed this action *pro se* in June 2017. *See* Dkt. 1. After plaintiff obtained counsel and filed a third amended complaint and defendants filed an answer, the Court entered a pretrial scheduling order, setting the discovery and dispositive motions deadlines. Dkts. 26, 29, 39, 40. The parties then filed an agreed motion to stay discovery. Dkt. 48. They explained that plaintiff had "been suffering from substantial decompensation due to his mental

1 | illness" and was unable to have visitation with his attorney, to be deposed, or to otherwise
2 | participate in the discovery process. *See* Dkt. 48, at 1. The parties asked that discovery be
3 | stayed until plaintiff could meaningfully engage in discovery and offered to provide status
4 | updates every 90 days regarding plaintiff's condition. *See* Dkt. 48.

The Court granted the agreed motion and stayed the case until December 14, 2018. Dkt. 49. Upon the parties' stipulated motion to extend the stay in November 2018, the Court extended the stay until March 29, 2019 and ordered plaintiff's counsel to file a "status report and, if necessary, another motion to extend the stay on or before March 15, 2019[.]" *See* Dkt. 53, at 2.

In February 2019, plaintiff's counsel wrote a letter to update the Court about plaintiff's status. *See* Dkt. 54. Plaintiff's counsel stated that although plaintiff had shown some improvement, plaintiff's mental health problems had worsened. *See* Dkt. 54, at 1. Plaintiff's counsel wrote that his client could not meaningfully engage in discovery and records review or planning and case evaluation; indeed, he could not even be in the same room as his attorney. *See* Dkt. 54, at 1. In light of plaintiff's transfer to another institution and his ongoing mental health problems, counsel requested that the stay be extended until at least late August or early September 2019, in order for plaintiff to benefit from 4 to 6 months of additional mental health treatment at the new facility. *See* Dkt. 54, at 2.

Defendants filed a motion opposing the request to extend the stay past June 1, 2019, on the basis of potential prejudice to the defense. *See* Dkt. 55, at 1–2. Defendants state that they "may object to additional extensions without a showing and court determination of [plaintiff's] current incompetency." Dkt. 55, at 1.

///

Therefore it is ORDERED:

(1) The stay in this case is extended until May 31, 2019, the Friday before June 1, 2019;

(2) Plaintiff's counsel shall file a status report and, if necessary, another motion to extend the stay on or before May 17, 2019—fourteen days before the stay ends. Plaintiff's counsel's report shall inform the Court whether plaintiff's mental state has improved and whether it is likely that his mental health will improve to a point where he is once again capable of engaging in litigation. Defendants shall file a response on or before May 27, 2019, informing the Court of their position.

(3) Should plaintiff's mental health improve sufficiently before May 31, 2019, plaintiff's counsel shall inform the Court and file a motion to lift the stay.

Dated this 15th day of April, 2019.

_____
J. Richard Creatura
United States Magistrate Judge