# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAMES DALE MOSELEY,

    Plaintiff,

v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

    Defendants.

CASE NO. 3:17-CV-05427-BHS-JRC

ORDER DIRECTING SUPPLEMENTAL BRIEFING

Before the Court is defendants' motion for judgment on the pleadings. Dkt. 65 (amended). After a review of the relevant record, the Court is not yet persuaded whether defendants' motion for judgment on the pleadings should be granted or denied and whether some or all the claims in plaintiff's complaint are barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), as they may necessarily imply that plaintiff's conviction, sentence, or length of incarceration is invalid. Accordingly, the Court orders supplemental briefing with respect to plaintiff's claims.

BACKGROUND

Plaintiff James Dale Moseley is a Washington state prisoner in the custody of the Department of Corrections ("DOC") and was previously housed at the Special Commitment Center ("SCC") between May 2015 and March 2016. Dkt. 29 at 3-4.

According to plaintiff's complaint, he suffers from a diagnosed mental illness. Dkt. 29 at 4. Plaintiff alleges that his psychotropic medication was changed when he was transferred from DOC custody to the SCC. *Id.* at 4.

Plaintiff alleges that he requested medical treatment, but defendants refused to change his medication or provide treatment. *Id.* Plaintiff alleges that he was taken off his medications, his condition worsened, and "cause[d] even more aberrant behavior that eventually lead to new criminal charges." *Id.* at 4. Plaintiff alleges that he was "denied proper mental health service so that he would exhibit abhorrent behavior and assault others at SCC. This would allow the SCC to have him sent back to DOC custody. This in fact occurred." *Id.* at 6.

Plaintiff also alleges that he was pepper sprayed when he demanded medical attention and a return to his prior medication. *Id.* at 4. After he was pepper sprayed, plaintiff alleges that defendants made him rinse his eyes out with contaminated toilet water, plaintiff was placed in a scalding hot shower, and plaintiff was hit in the mouth and back of the head. *Id.* at 4-5. Plaintiff alleges that defendant Smith used plaintiff's sweatshirt to choke him. *Id.* at 5. Plaintiff also alleges that in retaliation for requesting medical treatment, he was placed in segregation and denied recreation time. *Id.* at 4-5.

Plaintiff alleges violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments, Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and state

law claims of battery, assault, and harassment. Dkt. 29 at 5. Plaintiff seeks monetary damages and injunctive relief. Dkt. 29.

## PROCEDURAL HISTORY

Plaintiff initially filed his complaint on June 2, 2017. Dkt. 1. Counsel appeared on behalf of plaintiff and filed the third amended complaint (Dkt. 24) on April 17, 2018. Dkts. 23, 24, 36. The Court stayed this matter based on agreement between the parties. Dkts. 49, 53, 56. The Court lifted the stay on June 26, 2019 and issued a scheduling order. Dkt. 62.

Defendants filed their motion for judgment on the pleadings on October 2, 2019. Dkt. 65. Plaintiff filed a response (Dkt. 68) and statement of defendants' answer to each of plaintiff's allegations (Dkt. 69). Defendants filed a reply. Dkt. 70.

## DISCUSSION

The Ninth Circuit and Supreme Court precedent allow the Court to *sua sponte* order supplemental briefing. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002); *United States Nat'l Bank v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445-48 (1993). In *Warren*, the Ninth Circuit explained:

> When judges ask for supplemental briefing on an issue, it does not mean, as the dissent mistakenly asserts, that they have decided to reach a particular result. The purpose of requesting briefing in this case is to obtain more information in order to make a more informed and reasoned decision about *whether* to address an issue and, if so, how the issue should be resolved. Information, speech, and truth do not hurt; they only shed light. That is a fundamental tenet not only of our judicial system but of our democracy.

*Warren,* 282 F.3d at 1120 (Judge Reinhardt, concurring).

The Court is not yet persuaded on the record before it that defendants' motion for judgment on the pleadings should be granted or denied. To date, the Court has not made a ruling on whether some or all the claims in plaintiff's complaint are barred under the *Heck* doctrine. *See*

1 *Heck,* 512 U.S. at 480-82. Under *Heck,* a plaintiff may only recover under § 1983 for an allegedly unconstitutional conviction if he can prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See id.* However, the Supreme Court has clarified that *Heck* does not bar a § 1983 claim that "threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]" *Muhammad v. Close,* 540 U.S. 749, 751 (2004). "Habeas jurisdiction is absent, and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence[.]" *Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003).

Here, plaintiff contends that defendants' actions are the cause for his current incarceration. Dkt. 29. For example, plaintiff alleges that he "became so agitated as a result of the defendants' actions, and lack of mental health treatments, that he committed an offense so that he could go back to prison where he receives proper care and treatment." Dkt. 29 at 11. Plaintiff alleges that "but for the denial of his medications which were working to mitigate his behavioral problems, he would not have acted out and been charged with a crime." *Id.* at 4. Based on these arguments, plaintiff is essentially asking the Court to rule that defendants' alleged actions were unconstitutional, and but for these unconstitutional actions, plaintiff would not have been incarcerated. *See* Dkt. 29. Neither party has addressed whether the harm alleged, i.e. incarceration, could arguably be caused by defendants' unconstitutional actions.

Before issuing a recommendation on defendants' motion for judgment on the pleadings, the Court finds that supplemental briefing is necessary to clarify and address whether some or all of plaintiff's claims are barred under *Heck* and its progeny.

Defendants are directed to file a supplemental brief limited to 10 pages regarding these issues by December 27, 2019. Plaintiff may file a brief in response to defendants' supplemental brief. Plaintiff's response brief shall be filed on or before January 3, 2020 and shall also be limited to 10 pages. Defendants may file a reply brief on or before January 10, 2020.

The Clerk is directed to re-note defendants' motion for judgment on the pleadings (Dkt. 65) for January 10, 2020.

Dated this 2nd day of December, 2019.

_____
J. Richard Creatura
United States Magistrate Judge